IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| IN THE MATTER OF: | ) | CASE NO. BK07-41482-TLS |
|---|---|---|
| | ) | |
| JERELINE J. HOWARD, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on September 5, 2007, on a Motion to Confirm Termination or Absence of Stay/Request for *In Rem* Relief filed by creditor Credit Based Asset Servicing and Securitization, LLC, by and through its loan servicing agent, Litton Loan Servicing LP (Fil. #4), and a Resistance thereto filed by Debtor (Fil. #16). Debtor and Avis R. Andrews appeared for Debtor, and Eric H. Lindquist appeared for Credit Based Asset Servicing and Securitization, LLC, by and through its loan servicing agent, Litton Loan Servicing LP ("Lender"). The affidavit of Juanita Johnson (Fil. #18) was offered and received in support of the motion, and the affidavit of Debtor (Fil. #17) was offered and received in resistance.

Debtor owes Lender the approximate principal sum of $175,000.00 plus interest at 11% per annum. Lender's attorney indicated that the total payoff due to Lender is approximately $208,000.00. Lender is secured by a deed of trust lien encumbering Debtor's residence located at 4616 60th Street, Columbus, Nebraska. Debtor is delinquent in making monthly payments to Lender since December 1, 2005. It also appears Debtor has failed to pay hazard insurance and Lender has had to force place such coverage.

Debtor and Lender have had a lengthy history in and out of bankruptcy court. This is the seventh different bankruptcy filing affecting Debtor's residence in the past six years. Each of the prior filings was made the day prior to, or the day of, a scheduled foreclosure sale date. The prior filings are as follows:

| Case No. | Date Filed | Bankruptcy Status | Scheduled Foreclosure Sale Date |
|---|---|---|---|
| 01-41701 (Ch. 13) | 06/25/01 | Dismissed 05/12/03 | 06/26/01 |
| 03-40222 (Ch. 13)* | 01/21/03 | Dismissed 02/18/03 | 01/22/03 |
| 03-41709 (Ch. 13) | 05/13/03 | Dismissed 02/24/04 | 05/14/03 |
| 04-42143 (Ch. 13)* | 06/15/04 | Dismissed 08/03/04 | 06/15/04 |
| 04-44021 (Ch. 13) | 11/15/04 | Dismissed 01/03/05 | 11/16/04 |
| 06-41070 (Ch. 7)** | 08/24/06 | Dismissed 12/20/06 | 08/24/06 |

\*    Debtor was Roosevelt Howard, Jr.
\*\*   Converted to a Chapter 13 on November 17, 2006.

In Debtor's last two cases (BK06-41070 and BK04-44021), this Court granted relief from the automatic stay to Lender and further granted *in rem* relief by stating "that the filing of a future bankruptcy petition by the debtor, or conversion of this case to a proceeding under Chapter 7, Title 11 U.S.C., will not extend the protection of the automatic stay of 11 U.S.C. Section 362(a) for a period of six (6) months from the date of entry of this Order, with respect to the real estate located at 4616 60th Street, Columbus, Nebraska . . . ." Further, both cases were dismissed for failure to file a plan and schedules in a timely manner after relief from stay had been obtained. The prior cases followed a similar pattern.

This case was filed on August 6, 2007. Lender asserts that pursuant to 11 U.S.C. § 362(c)(4)(A)(i) and (ii), the automatic stay is not in effect. Lender is not correct. That Bankruptcy Code section applies only if "2 or more single or joint cases of the debtor were pending within the previous year but were dismissed . . . ." Despite the fact that there have now been seven bankruptcy filings in the last six years, only one prior case was pending (BK06-41070) within the one-year period prior to August 6, 2007.

Instead, the applicable Code section is 11 U.S.C. § 362(c)(3), which provides in pertinent part as follows:

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) –
> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
> > (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and
> > (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) –
> > > (i) as to all creditors, if –
> > > > (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;
> > > > (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to –

>> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
>> (bb) provide adequate protection as ordered by the court; or
>> (cc) perform the terms of a plan confirmed by the court or;
> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded –
>> (aa) if a case under chapter 7, with a discharge; or
>> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and
> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor . . . .

According the foregoing provision, the automatic stay terminated on the 30th day after the filing of the later case. This case was filed on August 6, 2007. The 30th day following that day was September 5, 2007. Thus, under the foregoing provision, the automatic stay expired on September 5, 2007.

Debtor may assert that her resistance to Lender's motion constitutes a motion for continuation of the automatic stay pursuant to 11 U.S.C. § 362(c)(3) and that the hearing held on September 5, 2007, was completed before expiration of the 30-day period in accordance with such section. Even if this Court were to accept such argument, the next hurdle Debtor would need to overcome is in § 362(c)(3)(C). Specifically, under subparagraph (B), in order to extend the stay, Debtor would need to demonstrate that the filing of the latest case is in good faith as to the creditors to be stayed. Under subsection (C), the case is presumptively not filed in good faith if the previous case was dismissed within the last year after Debtor failed to file documents or if there has not been a substantial change in financial or personal affairs of Debtor since the dismissal of the last case. When the presumption arises, it may only be rebutted by clear and convincing evidence to the contrary.

Here, the presumption clearly arises for several reasons. The prior case was dismissed for failure to file a plan and other documents. *See* § 362(c)(3)(C)(i)(II)(aa). Further, there is no evidence of any substantial change in Debtor's financial or personal affairs since the filing of the last case. *See* § 362(c)(3)(C)(i)(III). Debtor's primary source of income is still from disability payments. That has not changed since her last filing. Her monthly expenses shown on Schedules

I and J still far exceed her income. Further, Lender received an order granting relief from stay in the prior case. *See* § 362(c)(3)(C)(ii). In short, no evidence was presented to rebut the statutory presumption by "clear and convincing evidence to the contrary." In fact, this latest bankruptcy filing appears to be following a similar pattern as the many prior filings. Debtor failed to file a plan with her petition, nor did she file one within 15 days thereafter as required. She also has not sought any extension of time to file her plan. Interestingly, despite being notified of this deficiency at the hearing on September 5, 2007, Debtor has still failed to file a plan. Debtor also failed to file Form B22C, the Chapter 13 means test. There is such a form included as part of the schedules Debtor filed, but the form has not been completed. There is simply nothing in the record to demonstrate that Debtor now has the ability to fund a Chapter 13 plan.

This Court appreciates that Debtor is simply seeking one last opportunity to try to save her home. However, it is clear that Debtor has had many such opportunities over the last several years. In fact, in the last two most recent bankruptcies, Lender attempted to work with Debtor for extended periods of time rather than complete foreclosure within the six-month periods during which Debtor was barred from further filing. The point is that Debtor has already received numerous opportunities to save her home.

IT IS ORDERED that the automatic stay of 11 U.S.C. § 362(a) has terminated pursuant to 11 U.S.C. § 362(c)(3)(A) and the Court declines to extend the stay pursuant to 11 U.S.C. § 362(c)(3)(B).

DATE: September 7, 2007.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    Avis R. Andrews
    *Eric H. Lindquist
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.